13-1956(L)
*United States v. Gallagher*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27ᵗʰ day of August, two thousand fourteen.

PRESENT:

> JOSÉ A. CABRANES,
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee,*

v.

DANIEL GALLAGHER,

*Defendant-Appellant.*

Nos. 13-1956(L)
13-2661(Con)

---

**FOR DANIEL GALLAGHER:** Leonard Lato, Hauppauge, NY.

**FOR UNITED STATES OF AMERICA:** Amy Busa, Shannon C. Jones, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from an amended judgment of conviction, entered July 10, 2013, of the United States District Court for the Eastern District of New York (Leonard D. Wexler, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of conviction of the District Court is **AFFIRMED** and the cause is **REMANDED** for the limited purpose of correcting an error in the judgment.

Defendant Daniel Gallagher appeals from an amended judgment convicting him, after a jury trial, of one count of securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, and two counts of wire fraud, in violation of 18 U.S.C. § 1343, and sentencing him principally to 31 months' imprisonment and three years' supervised release.[1]  Gallagher appeals his conviction only.  We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision.

Gallagher contends on appeal that the government intentionally engaged in serious misconduct throughout the proceedings that, when viewed cumulatively, deprived him of a fair trial. In particular, he maintains that the following conduct during the trial by the government constitutes reversible error: (1) the use of so-called "guilt-assuming hypotheticals"; (2) references to Gallagher's arrest and incarceration; (3) questions to a witness about the witness's state of mind; (4) the decision to call a particular witness; and (5) the injection of personal beliefs into the case during summation. Gallagher also contends that the timing of the government's pre-trial disclosures and certain arguments made during sentencing further evince that the government's purported misconduct was intentional.

To secure vacatur and a new trial on the basis of prosecutorial misconduct, Gallagher bears a "heavy burden" because he must show not only that the government's actions were objectionable, but that they were so serious as to permeate the entire trial and deny him due process.  *See, e.g.*, *United States v. Williams*, 690 F.3d 70, 74-75 (2d Cir. 2012).  We consider the following factors in evaluating such a claim: "(1) the severity of the alleged misconduct; (2) the curative measures taken; and (3) the likelihood of conviction absent any misconduct."  *United States v. Locascio*, 6 F.3d 924, 945-46 (2d Cir. 1993).

After examining those portions of the record that Gallagher claims were improper, we conclude that he has not made the requisite showing.  Nearly all the purported conduct upon which he relies was not in fact erroneous, and, to the extent that the government arguably committed any misconduct, it did not cause Gallagher substantial prejudice.  The evidence of his guilt was strong, and curative measures were taken by the District Court when necessary.  *See Shih Wei Su v. Filion*, 335 F.3d 119, 126-27 (2d Cir. 2003) ("[E]ven when a prosecutor elicits testimony he or she knows or should know to be false, or allows such testimony to go uncorrected, a showing of prejudice is required.").

---

[1] The July 10, 2013 amended judgment of conviction entered by the District Court mistakenly reflects the imposition of a five-year term of supervised release on the wire fraud counts rather than the statutory maximum three-year term.  Accordingly, we remand the cause for the limited purpose of correcting this error.

We have considered all of the arguments raised by Gallagher on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's July 10, 2013 judgment of conviction and **REMAND** the cause for the limited purpose of correcting an error in the judgment.[2]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] *See* note 1, *ante.*